IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHERRYL BYRD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05cv835-CSC |
| ) | (WO) |
| AUBURN UNIVERSITY AT ) | |
| MONTGOMERY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Now pending before the court is the plaintiff's motion to set aside this court's order of April 17, 2007, based on newly discovery evidence and fraud on the court (doc. # 80). The plaintiff, Sherryl Byrd ("Byrd"), brought this action pursuant to the Equal Pay Act, 29 U.S.C. § 206(d)(1), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e against her former employer, alleging that she was paid less and discriminated against because of her gender. On April 17, 2007, the court granted summary judgment to the defendant and dismissed this case with prejudice.

Relying on FED. R. CIV. P. 60(b)(2) and (3),[1] the plaintiff asserts that she recently learned that a comparator, Paul Alexander, was terminated for unsatisfactory performance.

---

[1] FED. R. CIV. P. 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding, for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party; . . .

According to the plaintiff, Alexander's termination "contradicts the defendant's argument in this court . . . that Paul Alexander was paid a higher salary than Plaintiff because of his experience, qualifications, and market forces." (Pl's Mot. at 2, ¶ 2). The plaintiff further claims that "[o]n information and belief, Paul Alexander was terminated and replaced by Carolyn Golden, a female, who was paid a lower salary than Alexander." Furthermore, she contends that the "evidence is newly discovered since the Court's order, the evidence is not merely cumulative or impeaching and he (sic) exercised due diligence to discovery the new evidence. The evidence is material and the evidence is such that a new response on summary judgment would probably produce a new result." (*Id*. at ¶ 4). Byrd seeks relief from the order granting summary judgment, requests permission to take additional discovery and moves for a new schedule to brief the defendant's motion for summary judgment. (*Id*. at 3).

To prevail on a Rule 60(b) motion, the plaintiff's burden is heavy. *See generally Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006). Byrd "must prove some justification for relief." *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993).

> For the court to grant relief based upon newly discovered evidence under Rule 60(b)(2), a movant must meet a five-part test: (1) the evidence must be newly discovered since the trial; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new trial would probably produce a new result. *Toole v. Baxter Healthcare Corp.,* 235 F.3d 1307, 1316 (11th Cir. 2000). . . .
>
> To obtain relief from a final judgment based upon fraud under Rule 60(b)(3), the moving party must prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct. *See Frederick v. Kirby Tankships, Inc.,* 205 F.3d 1277, 1287 (11th Cir. 2000). The moving party must also demonstrate that the conduct

prevented them from fully presenting his case.  *See id.*

*Waddell v. Hendry County Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003).  *See also Jackson v. Con-Way Transp. Servs., Inc.*, 222 Fed. Appx. 887, 891, 2007 WL 812052,*3 (11th Cir. 2007).

The plaintiff's new "evidence" is insufficient to demonstrate that a new trial would probably produce a different result.  The defendant has consistently shown that Alexander's salary, set at his hiring, was based on his experience, qualifications and market forces.  The mere fact that Alexander was subsequently terminated for unsatisfactory performance does not negate the defendant's initial reasons for setting his salary.  Byrd's motion contains only a general cursory discussion of the law without any attendant facts.  She attached no evidence in any form to her motion, relying instead simply on her own conclusory allegations.  The plaintiff's conclusory argument is not an appropriate substitute for evidence nor does the argument of counsel rise to the level of admissible evidence.  Likewise, the plaintiff presents no evidence, much less clear and convincing evidence, from which the court could conclude that the requirements of FED. R. CIV. P. 60(b)(3) have been met.  "A motion for a new trial under Rule 60(b)(2) is an extraordinary motion and the requirements of the rule must be strictly met."  *Id.*  Finality is a virtue in the law.[2]"  *Waddell*, 329 F.3d at 1309 (footnote in original).

Accordingly, for the reasons as stated, it is

---

[2] Expedit reipublicæ ut sit finus litium:  It is for the public good that there be an end of litigation.  S.S. Peloubet, *A Collection of Legal Maxims in Law and Equity* 77 (1985).

3

ORDERED that the plaintiff's FED.R.CIV.P. 60(b) motion to set aside this court's order of April 17, 2007 based on newly discovered evidence and fraud on the court (doc. # 80) be and is hereby DENIED.

Done this 31st day of July, 2007.

                                            /s/Charles S. Coody
                                  CHARLES S. COODY
                                  CHIEF UNITED STATES MAGISTRATE JUDGE